

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Jason Williams | * | CIVIL ACTION NO. 07-4021 |
|     *Plaintiff* | * | |
| | * | SECTION " " |
| v. | * | |
| | * | MAGISTRATE SECT. J MAG 5 |
| Homesite Insurance Company | * | |
| | * | |
|     *Defendant* | * | |
| | * | |

**********************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Jason Williams, resident and domiciliary of this district and state, who with respect represents as follows.

I.

This Complaint is brought pursuant to 28 U.S.C. § 1332, Diversity of Citizenship Jurisdiction, and the amount in dispute exceeds $75,000.00.

II.

Made defendant herein is Homesite Insurance Company, a foreign insurer doing business in this district and state.

III.

At all times material hereto, defendant had issued to plaintiff a homeowners policy or policies providing wind, fire and other coverage for the below described property which policy or policies were in full force and effect as of the dates Hurricanes Katrina and/or Rita struck, all terms and

1

conditions of said policy or policies are pleaded *in extenso* as though copied herein.

IV.

That at all times material hereto, plaintiff was an "insured" under the insurance policy mentioned in the preceding paragraph.

V.

That Plaintiff was, at all times material hereto, the owner of the immovable property bearing municipal address 4811 Coronado Dr., New Orleans, LA 70127.

VI.

That at all times material hereto Plaintiff was the owner of personal inanimate property situated at, in or upon Plaintiff's immovable property referenced in the preceding paragraph.

VII.

Plaintiff's immovable property identified above was rendered a total loss as a result of Hurricane Katrina and/or Rita.

VIII.

The Plaintiff's personal inanimate property situated at, in or upon Plaintiff's immovable property has been rendered a total loss as a result of Hurricane Katrina and/or Rita.

IX.

That Plaintiff's property was totally destroyed, damaged or otherwise rendered useless by Hurricane Katrina and/or Rita's wind, rain and/or flood.

X.

The hurricane damage to the immovable property and the personal inanimate property

resulted from one or more covered perils of the policy issued to Plaintiff by Defendant.

XI.

That Defendant's policy or policies issued to Plaintiff is/are governed by LA R.S. 22:695.

XII.

That Defendant issued Plaintiff a Home Owner's policy or policies which included coverages for wind, fire, loss of use, additional living expenses, and other coverages.

XIII.

That Defendant issued Plaintiff a Home Owner's policy or policies which insured inanimate, immovable property situated in the State of Louisiana.

XIV.

Under the Defendant's policy issued to Plaintiff, Defendant agreed to pay for direct physical loss of, or damage to Plaintiff insured property resulting from a covered loss such as a windstorm, as well as damage to personal property and/or contents, additional living expenses and loss of use.

XV.

That Defendant placed a valuation upon Plaintiff's property covered by the policy or policies including the dwelling, other structures, and contents.

XVI.

That Defendant used the valuation of Property referenced in the preceding paragraph for the purpose of determining the premium charge for the policy.

XVII.

That neither the policy or policies issued to Plaintiff by Defendant and/or the application(s)

therefore set forth a clear and unambiguous different method of computing the value of said loss other than to use the valuation placed upon the property by defendant in order to determine the premium.

XVIII.

That there is no criminal fault on the part of Plaintiff, the insured under the policy, or the assigns of the insured in the case of this covered loss.

XX.

The policy or policies issued by Defendant to Plaintiff were issued or renewed after January 1, 1992.

XXI.

The policy or policies issued by Defendant to Plaintiff is/are not blanket-form policies.

XXII.

The policy or policies issued by Defendant to Plaintiff is/are not Builders Risk policies of insurance.

XXIII.

Plaintiff or plaintiff's assigns have submitted proof of loss to Defendant.

XXIV.

Defendant has received Plaintiff's proof of loss.

XXV.

Defendant has not asked Plaintiff for additional proof of loss.

XXVI

More than thirty days (30) have elapsed since Defendant or its agent has received Plaintiff's

satisfactory proof of loss on his claim.

XXVII.

Defendant has breached its agreement to provide insurance coverage to Plaintiff under Defendant's policy by failing to fairly and promptly adjust Plaintiff's claim and to timely pay Plaintiff the insurance benefits due under the policy.

XXVIII.

In failing to timely adjust and pay Plaintiff's claim, Defendant also breached its duty of good faith and fair dealing owed to its insureds.

XXIX.

Upon information and belief Defendant did not initiate its loss adjustment of Plaintiff's claim within thirty days (30) after notification of the loss by Plaintiff or their representative.

XXX.

Because of Defendant's failure to initiate its loss adjustment of Plaintiff's claim within thirty days (30) of receiving Plaintiff's notice of loss, Defendant has breached its statutory obligations to Plaintiff under LA R.S. 22:658 and is liable to Plaintiff for the statutory penalties set forth in LA R.S. 22:1220.

XXXI.

That no written offer to settle or settlement payment has come from Defendant within thirty days (30) after Defendant's receipt of Plaintiff's satisfactory proof of loss on their claim.

XXXII.

That Defendant's failure to make a written offer to settle or settlement payment within thirty

days (30) after receipt of Plaintiff's satisfactory proof of loss has been arbitrary, capricious and/or without reasonable cause.

XXXIII.

Defendant is liable for the amount of Plaintiff's total loss, valued per LA R.S 22:695.

XXXIV.

Defendant is liable for statutory penalties set forth in LA R.S. 22:658 and/or 22:1220 for its failure to settle and/or pay Plaintiff; claim timely and for Defendant's breach of its statutory obligations therein.

XXXV.

Upon information and belief, the policy defendant issued to Plaintiff provides for additional replacement cost protection in an amount equal to an additional twenty-five percent (25%) increase in coverage limits in the event there is a loss to the dwelling that exceeds the policy limits.

XXXVI.

Plaintiff's loss exceeds the policy limits for dwelling.

XXXVII.

Additionally, Defendant is liable for a penalty of twenty-five percent (25%) of the amount of damages due from Defendant to Plaintiff or One Thousand Dollars ($1,000.00), whichever is greater or in the event a partial payment or tender has been made, twenty-five percent (25%) of the difference between the amount paid or tendered and the amount found to be due.

XXXVIII.

That as a result of the total damage and destruction to Plaintiff's property they sustained loss of use of said property $274,644.00.

XXXIX.

That as a result of the total damage and destruction to Plaintiff's property they incurred additional living expenses of $19,983.00

XXXX.

That Plaintiff's damages caused by wind and rain were sustained prior to any flooding of the area; which includes, but not limited to, exterior walls, large roof ventilators, windows, garage doors, interior and exterior doors, sliding glass door, soffit/facasia, the roof, siding, insulating sheathing, dry-wall, equivalent to $274.644.00.

XXXXI.

The insured dwelling at 4811 Coronado Dr., New Orleans, LA 70127, structures presents a claim for lost contents equal to $ 77,500.00.

XXXXII.

Some of the above damages were caused by flying debris as a result of the Hurricane force winds blowing said debris from neighboring properties and other sources.

XXXXIII.

As a result of the numerous penetrations through the structure's otherwise waterproof "skin" wind driven rain was caused to saturate the insulation, drywall, paint finishes of the interior of the dwelling together with the contents of the house.

XXXXIV.

Plaintiff presents a claim for damages to "Other Structures" at or upon Plaintiff's property together with their contents equal to $15,500.00.

XXXXV.

"Additional Services Needed" which also were due to be paid as insured's damages pursuant to the policy/policies included Debris Removal equivalent to $4,163.13 and Mold Remediation equivalent to $2,497.00

XXXXVI.

Plaintiff is entitled to and hereby prays for trial by jury.

WHEREFORE, Plaintiff prays that Defendant be served with a copy of this Complaint and be duly cited to appear and answer and after due proceedings are had that there be judgment rendered herein in favor of Plaintiff and against Defendant for the full and true sum of his damages as contracted for with Defendant, together with twenty-five percent (25%) of his damages for additional replacement cost protection, together with the greater of twenty-five percent (25%) of unpaid damages or One Thousand Dollars ($1,000.00) as penalty for Defendant's actions should they be found to be arbitrary, capricious and/or without reasonable cause, and any and all statutory penalties all together with judicial interest and all costs of these proceedings including expert witness fees as well as all other and further relief as this court deems just and proper, including all general, legal and equitable relief.

Respectfully submitted:

_____
DAVID W. BERNBERG (#14079)
612 Gravier Street
New Orleans, LA 70130
Telephone: (504) 252-5553
Facsimile (504) 581-7057

PLEASE SERVE:
**HOMESITE INSURANCE COMPANY**
**Through its Agent for Service of Process**
**Louisiana Secretary of State**
**Post Office Box 91425**
**Baton Rouge, LA 70804**