## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

JASON WILLIAMS

VERSUS

HOMESITE INSURANCE COMPANY

CIVIL ACTION NO.  07-4021

JUDGE CARL J. BARBIER

MAGISTRATE JUDGE ALMA L. CHASEZ

## ANSWER AND DEFENSES

NOW INTO COURT, through undersigned counsel, comes Homesite Insurance Company (hereinafter "Homesite"), and for its Answer and Defenses to plaintiff's Complaint, alleges and avers, upon information and belief, as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## ANSWER

Homesite denies any and all allegations, averments and claims made in the Complaint that are not specifically admitted in this Answer. In response to the particular allegations, averments and claims made in the Complaint, Homesite responds as follows:

## 1.

The allegations contained in Paragraph I of the Complaint require no answer from defendant but are denied for lack of sufficient information to justify a belief therein.

**2.**

Except to admit that it is a foreign insurer, Homesite denies the allegations contained in Paragraph II of the Complaint.

**3.**

Except to admit that Homesite issued Policy No. 30096690 (hereinafter the "Policy") to Jason Williams insuring the property located at 4811 Coronado Drive, New Orleans, Louisiana, Homesite denies the allegations contained in Paragraph III of the Complaint. Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**4.**

Except to admit that Homesite issued the Policy to Jason Williams insuring the property located at 4811 Coronado Drive, New Orleans, Louisiana, Homesite denies the allegations contained in Paragraph IV of the Complaint. Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**5.**

Homesite denies the allegations contained in Paragraph V of the Complaint for lack of sufficient information to justify a belief therein.

**6.**

Homesite denies the allegations contained in Paragraph VI of the Complaint for lack of sufficient information to justify a belief therein.

**7.**

Except to admit that the property located at 4811 Coronado Drive, New Orleans, Louisiana sustained some wind damage as a result of Hurricane Katrina, Homesite denies the allegations contained in Paragraph VII of the Complaint for lack of sufficient information to justify a belief therein.

**8.**

Except to admit that the property located at 4811 Coronado Drive, New Orleans, Louisiana sustained some wind damage as a result of Hurricane Katrina, Homesite denies the allegations contained in Paragraph VIII of the Complaint for lack of sufficient information to justify a belief therein.

**9.**

Except to admit that the property located at 4811 Coronado Drive, New Orleans, Louisiana sustained some wind damage as a result of Hurricane Katrina, Homesite denies the allegations contained in Paragraph IX of the Complaint for lack of sufficient information to justify a belief therein.

**10.**

Except to admit that the property located at 4811 Coronado Drive, New Orleans, Louisiana sustained some wind damage as a result of Hurricane Katrina, Homesite denies the allegations contained in Paragraph X of the Complaint. Homesite further pleads that coverage is defined solely by the terms, limitations and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**11.**

Homesite denies the allegations contained in Paragraph XI of the Complaint.

**12.**

Except to admit that Homesite issued the Policy to Jason Williams insuring the property located at 4811 Coronado Drive, New Orleans, Louisiana, Homesite denies the allegations contained in Paragraph XII of the Complaint. Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**13.**

Except to admit that Homesite issued the Policy to Jason Williams insuring the property located at 4811 Coronado Drive, New Orleans, Louisiana, Homesite denies the allegations contained in Paragraph XIII of the Complaint. Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**14.**

Except to admit that Homesite issued the Policy to Jason Williams insuring the property located at 4811 Coronado Drive, New Orleans, Louisiana, Homesite denies the allegations contained in Paragraph XIV of the Complaint. Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**15.**

Homesite denies the allegations contained in Paragraph XV of the Complaint.

**16.**

Homesite denies the allegations contained in Paragraph XVI of the Complaint.

**17.**

Homesite denies the allegations contained in Paragraph XVII of the Complaint.

**18.**

Homesite denies the allegations contained in Paragraph XVIII of the Complaint for lack of sufficient information to justify a belief therein.

**19.**

Except to admit that the Policy was in effect from March 15, 2005 to March 15, 2006, Homesite denies the allegations contained in Paragraph XIX of the Complaint (erroneously identified as Paragraph XX).  Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**20.**

 Homesite denies the allegations contained in Paragraph XX of the Complaint (erroneously identified as Paragraph XXI).  Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**21.**

Homesite denies the allegations contained in Paragraph XXI of the Complaint (erroneously identified as Paragraph XXII).  Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and

conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**22.**

Except to admit that plaintiff notified Homesite of the alleged damage to the property located at 4811 Coronado Drive, New Orleans, Louisiana, Homesite denies the allegations contained in Paragraph XXII of the Complaint (erroneously identified as Paragraph XXIII).

**23.**

Except to admit that plaintiff notified Homesite of the alleged damage to the property located at 4811 Coronado Drive, New Orleans, Louisiana, Homesite denies the allegations contained in Paragraph XXIII of the Complaint (erroneously identified as Paragraph XXIV).

**24.**

Homesite denies the allegations contained in Paragraph XXIV of the Complaint (erroneously identified as Paragraph XXV).

**25.**

Homesite denies the allegations contained in Paragraph XXV of the Complaint (erroneously identified as Paragraph XXVI).

**26.**

Homesite denies the allegations contained in Paragraph XXVI of the Complaint (erroneously identified as Paragraph XXVII).  Homesite further pleads that Plaintiff's claimed loss was adjusted timely, in good faith and in accordance with the terms and conditions of the Policy and that Homesite has at all times pertinent hereto acted in good faith in the adjustment, investigation and payment of Plaintiff's claim.

**27.**

Homesite denies the allegations contained in Paragraph XXVII of the Complaint (erroneously identified as Paragraph XXVIII).  Homesite further pleads that Plaintiff's claimed loss was adjusted timely, in good faith and in accordance with the terms and conditions of the Policy and that Homesite has at all times pertinent hereto acted in good faith in the adjustment, investigation and payment of Plaintiff's claim.

**28.**

Homesite denies the allegations contained in Paragraph XXVIII of the Complaint (erroneously identified as Paragraph XXIX).  Homesite further pleads that Plaintiff's claimed loss was adjusted timely, in good faith and in accordance with the terms and conditions of the Policy and that Homesite has at all times pertinent hereto acted in good faith in the adjustment, investigation and payment of Plaintiff's claim.

**29.**

Homesite denies the allegations contained in Paragraph XXIX of the Complaint (erroneously identified as Paragraph XXX).  Homesite further pleads that Plaintiff's claimed loss was adjusted timely, in good faith and in accordance with the terms and conditions of the Policy and that Homesite has at all times pertinent hereto acted in good faith in the adjustment, investigation and payment of Plaintiff's claim.

**30.**

Homesite denies the allegations contained in Paragraph XXX of the Complaint (erroneously identified as Paragraph XXXI).  Homesite further pleads that Plaintiff's claimed loss was adjusted timely, in good faith and in accordance with the terms and conditions of the Policy and that Homesite has at all times pertinent hereto acted in good faith in the adjustment, investigation and payment of Plaintiff's claim.

**31.**

Homesite denies the allegations contained in Paragraph XXXI of the Complaint (erroneously identified as Paragraph XXXII).  Homesite further pleads that Plaintiff's claimed loss was adjusted timely, in good faith and in accordance with the terms and conditions of the Policy and that Homesite has at all times pertinent hereto acted in good faith in the adjustment, investigation and payment of Plaintiff's claim.

**32.**

Homesite denies the allegations contained in Paragraph XXXII of the Complaint (erroneously identified as Paragraph XXXIII).

**33.**

Homesite denies the allegations contained in Paragraph XXXIII of the Complaint (erroneously identified as Paragraph XXXIV).  Homesite further pleads that Plaintiff's claimed loss was adjusted timely, in good faith and in accordance with the terms and conditions of the Policy and that Homesite has at all times pertinent hereto acted in good faith in the adjustment, investigation and payment of Plaintiff's claim.

**34.**

Homesite denies the allegations contained in Paragraph XXXIV of the Complaint (erroneously identified as Paragraph XXXV).  Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*

**35.**

Homesite denies the allegations contained in Paragraph XXXV of the Complaint (erroneously identified as Paragraph XXXVI) or lack of sufficient information to justify a belief therein.

**36.**

Homesite denies the allegations contained in Paragraph XXXVI of the Complaint (erroneously identified as Paragraph XXXVII).

**37.**

Homesite denies the allegations contained in Paragraph XXXVII of the Complaint (erroneously identified as Paragraph XXXVIII) for lack of sufficient information to justify a belief therein.

**38.**

Homesite denies the allegations contained in Paragraph XXXVIII of the Complaint (erroneously identified as Paragraph XXXIX) for lack of sufficient information to justify a belief therein.

**39.**

Homesite denies the allegations contained in Paragraph XXXIX of the Complaint (erroneously identified as Paragraph XXXX) for lack of sufficient information to justify a belief therein.

**40.**

Homesite denies the allegations contained in Paragraph XXXX of the Complaint (erroneously identified as Paragraph XXXXI) for lack of sufficient information to justify a belief therein.

**41.**

Homesite denies the allegations contained in Paragraph XXXXI of the Complaint (erroneously identified as Paragraph XXXXII) for lack of sufficient information to justify a belief therein.

**42.**

Homesite denies the allegations contained in Paragraph XXXXII of the Complaint (erroneously identified as Paragraph XXXXIII) for lack of sufficient information to justify a belief therein.

**43.**

Paragraph XXXXIII of the Complaint (erroneously identified as Paragraph XXXXIV) does not state contentions of fact and therefore requires no response; however, to the extent response thereto is deemed necessary, Homesite denies the allegations contained in Paragraph XXXXIII of the Complaint (erroneously identified as Paragraph XXXXIV) for lack of sufficient information to justify a belief therein.

**44.**

Homesite denies the allegations contained in Paragraph XXXXIV of the Complaint (erroneously identified as Paragraph XXXXV).  Homesite further pleads that coverage is defined solely by the terms, limitations, and conditions of the Policy and that the terms, limitations and conditions of the Policy are the best evidence of its contents and are pled as if copied herein *in extenso*.

**45.**

The allegations contained in Paragraph XXXXV of the Complaint (erroneously identified as Paragraph XXXXVI) require no answer from defendant but are denied for lack of sufficient information to justify a belief therein.

**46.**

To the extent Plaintiff's prayer for relief includes any allegations of fact, Homesite denies said allegations.

AND NOW, IN FURTHER ANSWERING, Homesite affirmatively asserts the following defenses to the Complaint:

## SECOND DEFENSE

Plaintiff's recovery, if any, is limited by the Policy and its terms, conditions and limitations in effect at the time of the loss, which are pled as if copied *in extenso*.

## THIRD DEFENSE

Homesite affirmative asserts that it committed no negligent or wrongful act or omission which proximately caused or contributed to the alleged damages and that at all times it acted in good faith and in a reasonable manner to adjust the claim.

## FOURTH DEFENSE

Plaintiff's recovery, if any, is limited to the extent he failed to provide information to Homesite or access to records or other documents concerning the loss, all of which impeded the ability of Homesite to adjust the claim.

## FIFTH DEFENSE

Plaintiff's recovery, if any, is limited to the extent he provided insufficient and/or inadequate information and/or documentation, such that Homesite was required to continue inspection(s) and its investigation of the loss.

## SIXTH DEFENSE

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims do not result from a covered cause of loss to covered property under the Policy.

## SEVENTH DEFENSE

Plaintiff's recovery, if any, is limited to the extent he failed to comply with certain policy loss conditions required by the Policy, the terms, conditions and limitations of which are pled as if copied *in extenso*.

## EIGHTH DEFENSE

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims are barred from coverage due to Plaintiff's failure to satisfy the Duties After Loss provisions in the Policy, which provisions are pled as if copied *in extenso*.

## NINTH DEFENSE

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred for lack of insurable interest as required by the Policy, which provisions are pled as if copied *in extenso*.

## TENTH DEFENSE

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the "Other Insurance" provision in the Policy, which provision is pled as if copied *in extenso*.

**ELEVENTH DEFENSE**

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the Loss of Use provisions in the Policy, which provisions are pled as if copied *in extenso*.

**TWELFTH DEFENSE**

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the Vacancy provisions in the Policy, which provisions are pled as if copied *in extenso*.

**THIRTEENTH DEFENSE**

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the Power Failure Exclusion contained in the Policy, which exclusion is pled as if copied *in extenso*.

**FOURTEENTH DEFENSE**

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the Weather Conditions Exclusion contained in the Policy, which exclusion is pled as if copied *in extenso*.

**FIFTEENTH DEFENSE**

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the Ordinance or Law Exclusion contained in the Policy, which exclusion is pled as if copied *in extenso*.

## SIXTEENTH DEFENSE

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the Water Damage Exclusion contained in the Policy, which exclusion is pled as if copied *in extenso*.

## SEVENTEENTH DEFENSE

Plaintiff's recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the Fungi, Wet or Dry Rot, or Bacteria Endorsement, the terms, conditions and limitations of which are pled as if copied *in extenso*.

## EIGHTEENTH DEFENSE

Plaintiff's recovery, if any, must be reduced by amounts owed or tendered for the loss by any other individual or entity, and Homesite is entitled to a set off or credit for any and all such amounts.

## NINETEENTH DEFENSE

Plaintiff's recovery, if any, must be reduced by amounts already tendered by Homesite for the loss under the Policy, the terms, conditions and limitations of which are pled as if copied *in extenso*.

## TWENTIETH DEFENSE

Plaintiff's recovery, if any, must be limited to the extent Plaintiff failed to satisfy certain co-insurance obligations in the Policy, the terms, conditions and limitations of which are pled as if copied herein *in extenso*.

## TWENTY-FIRST DEFENSE

Plaintiff's recovery, if any, must be limited to the extent Plaintiff failed to complete repairs to and/or replace the property as required by the Policy to obtain recoverable depreciation, the terms, conditions and limitations of which are pled as if copied *in extenso*.

## TWENTY-SECOND DEFENSE

To the extent plaintiff is asserting a claim for attorney's fees pursuant to La. R.S. 22:658, said claim should be dismissed for failure to state a claim upon which relief can be granted.

## TWENTY-THIRD DEFENSE

Plaintiff's claims asserted pursuant to La. R.S. 22:695 should be dismissed for failure to state a claim upon which relief can be granted.

## TWENTY-FOURTH DEFENSE

Homesite affirmatively asserts the defense of independent, superseding or intervening cause.

## TWENTY-FIFTH DEFENSE

Homesite affirmatively asserts the independent contractor defense.

## TWENTY-SIXTH DEFENSE

Homesite affirmatively asserts that the claims are barred due to Plaintiff's failure to exhaust available remedies and/or mitigate his damages.

## TWENTY-SEVENTH DEFENSE

Homesite affirmatively asserts that any loss or damages claimed in this litigation, in whole or part, were caused or contributed to by the negligent and/or wrongful acts or omissions of Plaintiff and/or third parties or entities for whom Homesite is not responsible.

## TWENTY-EIGHTH DEFENSE

Homesite expressly reserves the right to invoke the Appraisal provisions of the Policy, the terms, conditions and limitations of which are pled as if copied herein *in extenso*.

## TWENTY-NINTH DEFENSE

Homesite affirmatively asserts that it intends to rely upon such other affirmative defenses and/or denials as may become available or apparent during the discovery phase of this litigation and reserves the right to amend its answer to asserts any such defense and/or denials.

## THIRTIETH DEFENSE

Plaintiff's claims asserted herein are duplicative of claims asserted in an earlier filed action entitled *Aaron, et al v. AIG Centennial Insurance Co., et al,* No. 06-4746 which is pending in Section K(2) of the United States District Court for the Eastern District of Louisiana.  Because the issues in this later-filed action substantially overlap with those raised in the first-filed *Aaron* action, this action should be transferred to Section K(2) of this Court.

## DEMAND FOR JURY DEMAND

Homesite demands a trial by jury.

WHEREFORE, Homesite Insurance Company prays that its Answer and Defenses to Plaintiff's Complaint be deemed sufficient and, after due proceedings have been had, the claims

be dismissed, with prejudice at Plaintiff's cost.  Homesite further prays for all further just and

equitable relief, including reasonable attorney's fees and court costs, to which it may be entitled.

<div style="margin-left:40%">

Respectfully submitted:

**PHELPS DUNBAR LLP**

</div>

BY:   /s/ Nora B. Bilbro
   NEIL C. ABRAMSON (21436)
   NORA B. BILBRO (22955)
   Canal Place
   365 Canal Street • Suite 2000
   New Orleans, Louisiana  70130-6534
   Telephone:  (504) 566-1311
   Facsimile:  (504) 568-9130 or 9007

   and

   MARSHALL M. REDMON (18398)
   445 North Boulevard, Suite 701
   Baton Rouge, LA  70802
   Telephone: (225) 346-0285
   Fax: (225) 381-9197

   COUNSEL FOR HOMESITE
   INSURANCE COMPANY

<div style="text-align:center">

**<u>CERTIFICATE OF SERVICE</u>**

</div>

   I do hereby certify that a copy of the foregoing pleading has been served upon all counsel

of record via electronic mail, facsimile and/or the United States mail, properly addressed and

first class postage prepaid on this 26th day of November,  2007.

<div style="margin-left:40%">

/s/  Nora B. Bilbro

</div>